UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
KAWANA HOWARD,                                           :
                                                         :
                Plaintiff,                   :    MEMORANDUM AND ORDER
                                                         :
                v.                           :    17-cv-364 (ENV) (LB)
                                                         :
CONSOLIDATED EDISON COMPANY OF                           :
NEW YORK, INC.,                                          :
                                                         :
                Defendant.                   :
-------------------------------------------------------- x

VITALIANO, D.J.

      On January 19, 2017, *pro se* plaintiff Kawana Howard filed this action against defendant Consolidated Edison Company of New York, Inc. ("ConEd"), alleging violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). In her amended complaint, Howard alleged that defendant unlawfully discriminated against her on the basis of race and sex and retaliated against her as a result of her participation in an earlier investigation into sex discrimination at ConEd. Howard also claimed that defendant violated her rights under the Family and Medical Leave Act ("FMLA") for discharging her while on medical leave.

      On February 4, 2021, the Court granted ConEd's motion for summary judgment as to all claims, except for plaintiff's claims under NYCHRL, which were dismissed without prejudice to their re-pleading in a state court of appropriate jurisdiction. Mem. & Order, Dkt. No. 64, at 25-26. Howard timely filed a motion for reconsideration of that decision pursuant to Local Civil Rule 6.3. *See* Pl.'s Mot., Dkt. No. 69. For the reasons that follow, plaintiff's motion is denied.

Discussion

Familiarity with the underlying facts, allegations, and reasoning as set forth in the Court's January 15, 2021 Memorandum & Order is presumed.

To prevail on a motion for reconsideration, the moving party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (citation omitted).  A motion for reconsideration is not an opportunity "to reargue those issues already considered when a party does not like the way the original motion was resolved," *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996), and "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Duncan v. City of New York*, 2018 WL 3421312, at *1 (E.D.N.Y. July 13, 2018) ("[A] motion for reconsideration should be granted only when the movant identifies (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) a clear error or manifest injustice.").

Howard's motion falls far short of this high standard.  In it, Howard does not mention a single case—let alone, a case that the Court purportedly "overlooked."  Nor does she argue that the Court's decision constitutes clear error, or that new evidence has become available since it was issued.  Instead, plaintiff presents five paragraphs in which she restates the now-familiar factual positions—concerning the Attorney General's investigation, the reasons underlying her termination, ConEd's allegedly improper medical examination, the alleged discrimination against ConEd manager Claudine Whitehead, and Howard's transfer to a different department— already presented to and rejected by the Court.

To be sure, within these recycled paragraphs lie a few evidentiary morsels that were not expressly considered in connection with defendant's summary judgment motion. For instance, Howard contends that in 2013, the then-director of the EEOC was "fully aware of" the alleged discrimination she faced at ConEd. *See* Pl.'s Mot. at ¶ 1. She also mentions, for the first time, "prior incidents with Dr. Michele Alexander and Dr. John Clarke," two former ConEd employees, and claims Dr. Clarke harassed her and "became very confrontational." *Id.* at ¶ 3. As a foundational matter, this new information cannot be considered at this juncture because a motion for reconsideration may not be used to introduce facts a movant neglected to allege or proffer evidence that she failed to establish the first time around, *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001) (citing *Shrader*, 70 F.3d at 257), and there is no indication that these facts were unavailable to Howard at the summary judgment briefing stage, *see Amtrust N. Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2015 WL 9480080, at *2 (S.D.N.Y. Dec. 22, 2015) ("'New evidence' is evidence that existed at the time of the motion, but was unavailable to the movant when the [c]ourt made its previous ruling and could not have been found by due diligence.").

Even if this new information were eligible for consideration, it would not "reasonably be expected to alter" any of the Court's conclusions. These vague allegations bear no connection to the dismissals of her FMLA claim, which concerned the alleged termination of her medical coverage in 2015, or her Title VII claim, which was found to be time-barred. As for her NYSHRL and § 1981 claims, Howard does not explain how the claimed awareness of the EEOC director or prior alleged confrontations with different ConEd physicians would have cured the pleading deficiencies identified by the Court—namely, the lack of an evidentiary connection between her supervisor's racial animosity and her termination by ConEd. *See* Mem. & Order at

3

20–21. "In short, plaintiff's arguments amount to nothing more than a disagreement between an understandably disappointed litigant and the court," which is plainly insufficient to warrant the extraordinary remedy of reconsideration. *Davidson*, 172 F. Supp. at 464 (citation omitted).

## Conclusion

For the foregoing reasons, Howard's motion for reconsideration is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 920–21, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to serve a copy of this order to plaintiff and maintain this case on the closed docket.

So Ordered.

Dated: Brooklyn, New York
       June 28, 2022

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge