MANDATE

22-1706-cv
Howard v. Consol. Edison Co. of N.Y., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-three.

**PRESENT:**
    **AMALYA L. KEARSE,**
    **GUIDO CALABRESI,**
    **ALISON J. NATHAN,**
        *Circuit Judges.*

_____

**Kawana Howard,**

    *Plaintiff-Appellant,*                             22-1706

    v.

**Consolidated Edison Company of New York, Inc.,**

    *Defendant-Appellee,*

MANDATE ISSUED ON 01/09/2024

**Department Manager Pascale Ambrosio,
ConEdison,**

   *Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | KAWANA HOWARD, pro se, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLEE:** | Lynelle J. Slivinski, Consolidated Edison Company of New York, Inc., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Kawana Howard, proceeding pro se, sued her former employer, Consolidated Edison Company of New York (ConEd), under 42 U.S.C. § 1981, Title VII, the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL), contending that she was discriminated against based on her race and sex and was retaliated against for participating in

2

an investigation into sex discrimination at ConEd when she was fired. She further claimed that her firing violated the Family and Medical Leave Act (FMLA). The district court granted summary judgment to ConEd, reasoning that Howard failed to state a claim for violation of the FMLA; that her Title VII claim was untimely, with no reason for equitable tolling; and that she failed to establish she was fired under circumstances giving rise to an inference of discrimination in violation of Section 1981 and the NYSHRL. The court then declined to exercise supplemental jurisdiction over Howard's NYCHRL claims, dismissing them without prejudice to their repleading in a state court of appropriate jurisdiction. Howard filed a subsequent motion for reconsideration, which the court denied. *See generally Howard v. Consol. Edison Co. of N.Y., Inc.*, No. 17-cv-364, 2021 WL 395868 (E.D.N.Y. Feb. 4, 2021), *reconsideration denied*, 2022 WL 2541387 (E.D.N.Y. July 7, 2022).

On appeal, Howard has abandoned her Title VII and FMLA claims, as well as her retaliation claims under those statutes, by failing to argue them in her briefing.[1] *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). We

---

[1] Howard has also abandoned any argument that the district court erred in declining

therefore confine our discussion to Howard's Section 1981 and NYSHRL claims for discrimination. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Section 1981 and New York State Human Rights Law claims are evaluated under the *McDonnell Douglas* framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973); *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015); *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (per curiam). To make out a prima facie case of discrimination, a plaintiff has the burden of establishing, inter alia, that she was subjected to an adverse employment action

---

to exercise supplemental jurisdiction over her NYCHRL claims.

under circumstances giving rise to an inference of discrimination. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015). After a plaintiff establishes a prima facie case, the employer must demonstrate a legitimate, non-discriminatory reason for the adverse employment action. *See Vega*, 801 F.3d at 83; *see also McDonnell Douglas*, 411 U.S. at 802. The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is pretext for an impermissible motivation. *Vega*, 801 F.3d at 83; *see McDonnell Douglas*, 411 U.S. at 804–05. If the plaintiff cannot establish pretext, the employer is entitled to summary judgment. *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000).

The district court concluded that Howard failed to establish a prima facie case of discrimination. But even if we assume for the sake of argument that Howard had established that prima facie case, she did not offer sufficient evidence to overcome ConEd's legitimate, non-discriminatory reasons for disciplining and firing her. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit

conclusions of law, including grounds upon which the district court did not rely.").

ConEd proffered evidence that showed that its decisions to put Howard under an All-Inclusive Final Warning and to terminate her were supported by legitimate reasons. Specifically, two different arbitrators found that the discipline in each instance was warranted based on Howard's threatening conduct at the occupational health center in May 2014 and her absence without leave in February 2015. Howard does not challenge the impartiality of the arbitrators, and so these decisions of "undisputedly independent, neutral, and unbiased adjudicator[s]" are "highly probative" of the legitimate, non-discriminatory reasons for Howard's discipline. *See Collins v. N.Y.C. Transit Auth.*, 305 F.3d 113, 118–19 (2d Cir. 2002). And while Howard suggests that ConEd violated grievance settlement agreements entered into in 2010 and 2012 by deciding to terminate her based on her prior discipline, the arbitration decisions reveal that ConEd's decision to terminate her was based not on her prior incidents but rather on her misconduct in 2014 and 2015 and the All-Inclusive Final Warning she received in 2014.

6

Howard did not offer sufficient evidence for a reasonable factfinder to conclude that the reasons she was disciplined were pretext for discrimination. In the district court, she claimed that she was treated differently from a white male employee who had claimed pay for hours he did not work. But in response to the motion for summary judgment, Howard failed to offer any admissible evidence supporting this allegation. Moreover, Howard failed to show that this employee, or any other proffered comparator, was treated more favorably under similar circumstances to her own. For example, she has not pointed to evidence that any of the employees she proposed as comparators were given an All-Inclusive Final Warning or otherwise had a disciplinary history similar to hers. On appeal, Howard alludes to another employee who she claims was not comparably disciplined after being accused of a more serious infraction, but does not explain how this situation was at all similar to hers. Without evidence showing that other employees' circumstances were similar to hers, Howard cannot not rely on them as comparators to demonstrate pretext. *See Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) ("[T]he standard for

comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases . . . .").

Finally, Howard argues that the district court erred by denying her motion for reconsideration. We review denials of reconsideration for abuse of discretion. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Here, Howard does not point to any error of law or fact that would undermine the district court's decision to deny reconsideration. We therefore conclude that the district court did not abuse its discretion.

* * *

We have considered Howard's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit